UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMIE ELLIOTT,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                  /

Case No. 4:05-cv-50

Hon. Hugh W. Brenneman, Jr.

**ORDER**

This matter is before the court on plaintiff's motions for attorney fees pursuant to the 42 U.S.C. § 406(b) (docket nos. 18 and 23). Defendant does not object to plaintiff's requests.

Attorney fee awards in social security cases are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

Plaintiff entered into a contingent fee agreement, in which she agreed to pay counsel 25% of past due benefits in the event of an award. *See* docket no. 30. Plaintiff was awarded benefits beginning in April 2003. *See* docket no. 25. The Agency has withheld $4,200.25 or 25% of these benefits for direct payment of plaintiff's attorney fees. *Id.* Counsel previously received attorney fees in the amount of $1,000.00 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Based on these facts, counsel states that he is entitled to a fee in the amount of $3,200.00,

which represents 25% of plaintiff's past due benefits, less $1,000.00 previously awarded under the EAJA.  Plaintiff has not objected to the award of this fee.

In determining an award of attorney fees under the Social Security Act which involve a contingent fee agreement, the court should not apply the "lodestar" method; rather, the it should look to the fee agreement and test it for reasonableness.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  In determining the reasonableness of the contingent fee, the court can reduce the fee based upon "the character of the representation and the results the representative achieved." *Id.*  In this circuit, courts have held that a contingent fee contract for 25% of the total past due benefits creates a rebuttable presumption of reasonableness.  *See Damron v. Commissioner*, 104 F.3d 853, 856-57 (6th Cir. 1997); *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc).  The court may consider arguments to rebut this presumption if the actual hourly charged by the attorney exceeds twice the standard rate charged by the attorney.  *Hayes v. Secretary of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991). "[A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the court."  *Id.*  "In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable."  *Id.*  The court will evaluate counsel's fee request based upon the considerations as set forth in *Gisbrecht*, *Damron*, *Rodriguez* and *Hayes*.

The 25% contingent fee agreement is presumptively reasonable.  Second, plaintiff's counsel spent 7.0 hours on this matter.   His request for a $3,200.00 fee for services is equivalent to an hourly rate of approximately $457.00.  This hypothetical hourly rate ($457.00) is only slightly greater than twice the standard rate charged by counsel ($450.00).  The court finds the rate reasonable. The hypothetical hourly rate of $457.00 exceeds the *per se* reasonable multiplier rate by only $7.00 per hour.  Such a slight overage does not constitute a windfall for counsel.  In addition, counsel obtained excellent results for his client: he secured a reversal and remand of the agency decision, an award of EAJA fees, and an award of benefits.  Counsel achieved these results without

filing briefs in this administrative appeal. The court will not penalize counsel for his competency and efficient use of time in advocating his client's position. Based on these factors, the court finds that the requested fee is reasonable under 42 U.S.C. § 406(b)(1)(A).

Accordingly, plaintiff's motions (docket nos. 18 and 23) are **GRANTED**. Defendant is directed to pay plaintiff's counsel attorney fees in the amount of $3,200.00.

**IT IS SO ORDERED.**


Dated:  September 6, 2006                     /s/ Hugh W. Brenneman, Jr.
                                              Hugh W. Brenneman, Jr.
                                              United States Magistrate Judge